IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 17-9  Erie |
| | ) |
| OSCAR GABRIEL ROJAS URQUIETA | ) |
| a/k/a Oscar Gabriel Versace | ) |
| a/k/a DJ Raffy | ) |

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

**I. THE INDICTMENT**

A Federal Grand Jury returned a one count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Cyberstalking<br>In and around<br>May 2016<br>to in and around<br>February 2017 | 18 U.S.C. § 2261A(2)(A) & (B) |

## II. ELEMENTS OF THE OFFENSE

A. As to Count 1:

In order for the crime of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(A) & (B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant used any interactive computer service, or electronic communication service or electronic communication system of interstate commerce or any other facility of interstate or foreign commerce to engage in a course of conduct.

2. That the defendant, while engaged in that course of conduct, acted with the intent to kill, injure, harass or intimidate the victim.

3. That the defendant's course of conduct placed the victim in reasonable fear of death or serious bodily injury or caused substantial emotional distress to the victim, attempted to cause substantial emotional distress to the victim, or would be reasonably expected to cause substantial emotional distress to the victim.

## III. PENALTIES

A.  As to Count 1: Cyberstalking (18 U.S.C. § 2261(A)(2)(A) & (B):

1. A term of imprisonment of not more than five (5) years (18 U.S.C. § 2261(b)(5)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2)).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution shall be ordered in this case pursuant to 18 U.S.C. § 2264.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013